**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| **MICHAEL J. STUMP** : | Case No: _____ |
| 7078 E 500 South : | |
| **Union City, IN 47390** : | Judge: _____ |
| : | |
| and : | |
| : | |
| **AMY STUMP** : | |
| 7078 E 500 South : | |
| **Union City, IN 47390** : **COMPLAINT FOR PERSONAL INJURIES** |
| : | |
| and : | |
| : | |
| **AMY STUMP, AS PARENT AND** : | |
| **NATURAL GUARDIAN OF** : | |
| **ALEXIS STUMP, a minor** : | |
| 7078 E 500 South : | |
| **Union City, IN 47390** : | |
| : | |
| and : | |
| : | |
| **AMY STUMP, AS PARENT AND** : | |
| **NATURAL GUARDIAN OF** : | |
| **AVERY STUMP, a minor** : | |
| 7078 E 500 South : | |
| **Union City, IN 47390** : | |
| : | |
| **Plaintiffs,** : | |
| : | |
| VS. : | |
| : | |
| **LOWE'S HOME IMPROVEMENT** : | |
| **1000 Lowe's Blvd** : | |
| **Mooresville, NC 2817** : | |
| : | |
| and : | |
| : | |
| **MICHAEL T. LYS-ALLEN** : | |
| **AKA LYSALLEN ALLEN THEOPHILE** : | |
| 1921 Bahama Dr. : | |
| **Miramar, FL 33023** : | |

|  |  |
|---|---|
| and | : |
|  | : |
| **MAERSK** | : |
| 2 Braxton Way, Suite 400 | : |
| Glen Mille, PA 19342 | : |
|  | : |
| and | : |
|  | : |
| **J.L. NORTHEAST LOGISTICS** | : |
| 10879 Lantana Crest | : |
| Clermont, Florida 34711 | : |
|  | : |
| and | : |
|  | : |
| **PENSKE TRUCK LEASING** | : |
| 2675 Morgantown Rd. | : |
| Reading, PA  19607 | : |
|  | : |
| and | : |
|  | : |
| **JOHN DOE** | : |
| whose true name and identity is unknown | : |
|  | : |
| and | : |
|  | : |
| **DONEGAL INSURACE GROUP** | : |
| 1195 Rivers Road | : |
| P.O. Box 302 | : |
| Mariette, PA 17549-0302 | : |
|  | : |
| **Defendants.** |  |

## JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. section 1332 by reason of the facts that all Defendants hereinafter set forth are entities existing and doing business in states other than Ohio; that the cause of action (the motor vehicle collision) occurred in Darke County, OH; the Plaintiff is a citizen of the State of Indiana; and the amount in controversy exceeds $75,000.00.

## FIRST CLAIM FOR RELIEF

1. Plaintiff, Michael J. Stump, hereinafter referred to as Plaintiff, is a citizen of the State of Indiana, residing at 7079 E. 500 South Union City, Indiana.

2. On the 17th day of November 2023, at about 2:15 p.m., Plaintiff was driving a 2017 Ford F-350 owned by his employer, Shockney Electric, LLC, in the course and scope of his employment. He was driving eastbound on State Route 502. At all times relevant, Plaintiff was operating his vehicle with due care for his safety and the safety of other vehicles in lawful use of the roadway. At this location State Route 502 is a two-lane public highway running east and west in Greenville Township, Darke County, Ohio.

3. Defendant, Michael T. Lys-Allen, hereinafter referred to as Lys-Allen is and/or was, on November 17, 2023, a citizen of the State of Florida, residing at 1921 Bahama Dr., Miramar, FL. On said date he was operating a 2020 Freightliner commercial cargo truck commonly called a "box truck" emblazoned with the Lowe's company logo in a south direction on New Madison-Coletown Rd. That roadway is a two-lane public roadway running north and south that intersects with State Route 502 at generally right angles. That intersection is controlled by stop signs for motorists traveling north and south on New Madison-Coletown Rd. State Route 502 is a though roadway having no traffic control devices.

4. On said date, Defendant Lys-Allen was negligent. Plaintiff is informed and believes that Lys-Allen negligently failed to stop at the stop sign controlling his direction of travel at the aforesaid intersection in violation of Ohio Rev. Code Section 4511.43A. Lys-Allen failed to maintain a proper lookout. Lys-Allen negligently failed to yield the right of way to Plaintiff when he drove his semi-truck trailer suddenly into the path of the oncoming Ford directly and proximately causing a violent collision between the two vehicles and causing serious injuries to Plaintiff as hereinafter described. Defendant was otherwise negligent.

5. Plaintiff believes that Lys-Allen was driving the Freightliner in the course of his employment as an employee, subcontractor, agent, or the like of Lowes Inc., J.L. North East Logistics, Maersk, Penske Truck Leasing, and/or John Doe. They, as foreign corporations, are believed to transact business within Ohio by using Ohio roadways to transport goods in the course and scope of their business. Lowe's principal place of business is believed to be located in the state of North Carolina and is hereinafter referred to as Lowes. J.L. North East Logistics' principal place of business is believed to be located in the state of Florida, and is hereinafter referred to as J.L. Logistics. Maersk's principal place of business is believed to be located in the State of Delaware, and is hereinafter referred to as Maersk. John Doe whose true name or identity is unknown and cannot be reasonably ascertained, is believed to be a foreign business entity employing, contracting with or otherwise acting as the principal or agent of Lys-Allen or the other defendants. Said defendants were negligent. Said defendants are liable by virtue of the doctrine of *respondeat superior*, Principal/Agent, Master/Servant, and the like. Said defendants may also be liable for negligently hiring, retaining, training, ensuring commercial driver's license credentials, and the like with regard to Lys-Allen.

6. Upon information and belief, Lys-Allen may have been distracted by using a cell phone or other device prohibited under Ohio law while operating the vehicle. Lowes, J.L. Logistics, Maersk and/or John Doe were negligent in its training, hiring, and retention of Lys-Allen, including, but not limited to allowing him to use prohibited devices while his truck unit was in motion.

7. As a direct and proximate cause of said negligence, Stump sustained the injuries and damages outlined more fully herein.

## SECOND CLAIM FOR RELIEF

8. Plaintiff adopts the allegations of the First Claim for Relief as though fully re-written herein.

9. Plaintiff says that the Freightliner tractor-trailer unit was owned by Penske, hereinafter referred to as Penske. Penske is a foreign corporation with a principal place of business

located at 2675 Morgantown Rd, Reading, PA. It engages in the ownership, operation, and leasing of commercial vehicles throughout the United States. It has or may have an operating or other agreement with Lowes, J.L. Logistics, Maersk or John Doe with respect to the hiring, leasing or use of the unit involved in this collision and the hiring and/or other employment of Lys-Allen. Penske and/or the other defendants may have been negligent including, but not limited to providing on-board communication devices in the subject truck without advice or warning against using such devices while the unit is in travel mode.

10. As a direct and proximate result of the negligence of each Defendant, Plaintiff sustained serious injuries, including, but not limited to; permanent physical deformities, fractures of bones in his left forearm, multiple bruises and contusions, plating and screws in his left forearm requiring hospitalization and multiple surgical procedures, and other injuries. He was entrapped in the vehicle and required mechanical extraction. He has incurred pain, discomfort, and disability. He suffered pre- and post- impact terror. He has incurred expenses for his medical care and treatment. Some of his injuries are permanent in nature and others will continue to cause pain, discomfort, disability and impairment for an indefinite time in the future. He has lost income and earnings from his employment and will continue to lose earnings in the future. He has suffered an impairment of earning capacity. He has endured pain, suffering, loss of enjoyment of life, inability to perform usual activities, and other hedonic damages.  His injuries, damages, and losses are permanent and ongoing. His medical expenses are believed to be in excess of $100,000.00. His lost earnings are believed to be in excess of $75,000.

### THIRD CLAIM FOR RELIEF

11. All Plaintiffs adopts the allegations of the First and Second Claims for Relief as though fully re-written herein.

12. Further, Plaintiffs say that they are covered by, and Donegal provided, coverage under a policy through Shockney Electric known as Underinsured Motorist Coverage (UIM). Said coverage provided insurance to pay Plaintiffs' damages caused by the negligence of a motorist having insufficient insurance coverage to compensate the Plaintiffs' damages. Lys-Allen and/or the other defendants are believed to be insured with Liberty Mutual Insurance, Progressive Insurance Sedgwick, or another insurer, but the available limits to them are unknown at this time. Donegal

therefore is, or may be, liable to Plaintiffs up to the UIM coverage limits which are believed to be $1,000,000 per person for the damages in excess of the limits provided to Lys-Allen and/or any insurance provided to the additional defendants.

## FOURTH CLAIM FOR RELIEF

13. For the Fourth Claim for Relief, Amy Stump, adopts the allegations of the foregoing Claims for Relief as though fully rewritten herein.

14. Further, Amy Stump, says that she was and is the wife of Michael J. Stump. The injuries sustained by her husband prevented him from performing his usual activities which deprived her of his services and consortium for a time.

15. Further, Amy Stump was and is responsible for the medical bills incurred for the necessary medical treatment of the injuries Michael sustained as a direct and proximate result of the defendants' negligence.

## FIFTH CLAIM FOR RELIEF

16. For the Fifth Claim for Relief, Amy Stump adopts the allegations of the foregoing Claims for Relief as though fully rewritten herein. She was the parent and natural guardian of Alexis Stump, a minor. Amy Stump states the injuries Michael J. Stump sustained prevented him from performing his usual activities as a father which deprived the minor of his services for a time.

## SIXTH CLAIM FOR RELIEF

17. For her Sixth Claim for Relief, Amy Stump adopts the allegations of the foregoing Claims for Relief as though fully rewritten herein. She was the parent and natural guardian of Avery Stump, a minor. Amy Stump states the injuries Michael J. Stump sustained prevented him from performing his usual activities as a father which deprived the minor of his services for a time.

**SEVENTH CLAIM FOR RELIEF**

18. Plaintiffs adopt the allegations of the foregoing Claims for Relief as though fully re-written herein.

19. Defendant Donegal Insurance Group, hereinafter referred to as Donegal, is a Pennsylvania corporation which provided workers' compensation to Shockney Electric LLC and its employees. As a Shockney employee injured in the scope of his employment, Plaintiff has had portions of his expenses for medical care and treatment paid by Donegal. It has also paid portions of his lost earnings. The medical expenses exceed $100,000.00. Donegal has also paid in excess of $50,000.00 for Plaintiff's lost earnings. The law of the State of Indiana may give Donegal a right of subrogation from each Defendant and/or a right of reimbursement from Plaintiff to the extent of its payments to or for him as an injured employee and/or to the extent of payments made under the UM/UIM coverage.

**EIGHTH CLAIM FOR RELIEF**

20. Plaintiffs adopt the allegations of the foregoing Claims for Relief as though fully re-written herein.

21. Plaintiffs further says that Lys-Allen, Lowe's, J.L.Logistics, Maersk, Penske, and/or John Doe is or are liable for punitive damages including, but not limited to the distracted driving in the course of employment, failure to follow DOT/CDL regulations, and the reckless disregard for other users of the highway.

WHEREFORE, in his First, and Second Claims for Relief, Plaintiff Michael J. Stump, demands judgement in excess of $25,000.00 against Defendants Michael T. Lys-Allen, Lowe's, JL Logistics, Maersk, John Doe and Penske; In his Third Claim For Relief, Michael Stump, demands judgment in excess of $25,000.00 against Defendant, Donegal, pursuant to its policy of UM/UIM coverage; and in her Fourth, Fifth and Sixth Claims for Relief, Plaintiff, Amy Stump, individually and on behalf of each minor child, demands judgment in excess of $25,000 against each defendant; and in his Seventh Claim for Relief, Plaintiff, Michael J.

Stump, demands that Defendant Donegal set forth its claim for subrogation and/or right of recovery and/or right of reimbursement or be forever barred from making any claims against any parties hereto. In their Eighth Claim for Relief, Plaintiffs further demand attorney fees incurred in obtaining punitive damages, together with costs herein expended and such further damages and interest as the court may award.

            Respectfully submitted,

            CASPER & CASPER

            */s/ William P. Allen*
            William P. Allen (0064046)
            Trial Attorney for Plaintiffs
            3735 S. Dixie Highway
            Middletown, OH 45005-5186
            (513) 424-2401 (phone)
            (513) 800-1316 (fax)
            wallen@casperlaw.com

## **INSTRUCTIONS FOR SERVICE**

TO THE CLERK:

Please issue service of summons, together with a copy of the foregoing Complaint by certified mail service, return receipt requested upon the Defendant at the address listed

LOWE'S HOME IMPROVEMENT
1000 Lowe's Blvd
Mooresville, NC 2817

C/O Corporation Service Company
1160 Dublin Road, Suite 400
Columbus, Ohio 43215

  and

MICHAEL T. LYS-ALLEN
1921 Bahama Dr.
Miramar, FL 33023


MICHAEL T. LYS-ALLEN
AKA LYSALLEN ALLEN THEOPHILE
1000 palisades Circle Apt 304
Ashville NC 28803-0106

    and

MAERSK
2 Braxton Way, Suite 400
Glen Mille, PA 19342

C/O CT Corporation Systems
4400 Easton Common Way. Suite 125
Columbis. Ohio 43219                    :

    and

J.L. NORTHEAST LOGISTICS
10879 Lantana Crest
Clermont, Florida 34711

    and

PENSKE TRUCK LEASING
2675 Morgantown Rd.
Reading, PA   19607

    and

DONEGAL INSURACE GROUP
1195 Rivers Road
P.O. Box 302
Mariette, PA 17549-0302


                                                    *William P. Allen* (signature)
                                             William P. Allen
                                             Trial Attorney for Plaintiffs